IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | <u>COMPLAINT</u> |
| v. | ) | |
| | ) | JURY TRIAL DEMAND |
| STARBOARD GROUP, INC. d/b/a WENDY'S | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STARBOARD WITH CHEESE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, gender identity and retaliation and to provide appropriate relief to the Aggrieved Individuals, including the Charging Party who filed Charge No. 440-2021-03623 and two other employees ("the Aggrieved Individuals"). As alleged with greater particularity below, Defendants, Starboard Group Inc., d/b/a Wendy's, and Starboard with Cheese, LLC, discriminated against the Charging Party and the Aggrieved Individuals by subjecting them to workplace harassment on the basis of sex (gender identity), discriminating against them in terms and conditions of employment because of sex (gender identity), constructively discharging one of the Aggrieved Individuals, and retaliating against the Charging Party and one of the Aggrieved Individuals, in violation of Title VII. Defendants also failed to maintain personnel and employment records in accordance with the EEOC's recordkeeping regulations, found at 29 C.F.R. § 1602.14, in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 703(a)(1), 706(f)(1) and (3), and Section 709(c) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), 5(f)(1) and (3), and 8(c) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Illinois, Benton Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, the Defendants have continuously been corporations doing business in the State of Illinois and have continuously had at least fifteen (15) employees.

5.      At all relevant times, the Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## CONDITIONS PRECEDENT

6.      More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with EEOC alleging violations of Title VII by the Defendants.

7.      On June 24, 2024, EEOC issued to the Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting them to join with EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      EEOC engaged in communications with the Defendants to provide them the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.      On August 5, 2024, EEOC issued to the Defendants a Notice of Failure of Conciliation advising them that EEOC was unable to secure from them a conciliation agreement acceptable to EEOC.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.     The Charging Party and the Aggrieved Individuals are transgender. That is, their gender identity is different from the sex they were designated at birth. In particular:

Charging Party

a.     The Charging Party's gender identity (male) is different than the sex he was designated at birth (female).

Aggrieved Individual No. 1

b.     Aggrieved Individual No. 1's gender identity (male) is different than the sex he was designated at birth (female).

Aggrieved Individual No. 2

c.     Aggrieved Individual No. 2's gender identity (female) was, at all relevant times, different than the sex she was designated at birth (male).

12.     From approximately January 2021, the Defendants have engaged in unlawful employment practices, in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1) at their Carbondale, Illinois, location when they subjected the Charging Party and the Aggrieved Individuals to a hostile work environment. These unlawful practices include, but are not limited to, the following:

Charging Party

a.  The Charging Party began working for the Defendants in January 2021.

b.  Throughout his employment the Charging Party was subjected to sex-based harassment on a near daily basis, including constant misgendering, graphic sexual comments, invasive questions, denial of access to the men's bathroom, and other verbal harassment based on gender identity.

c.  One of the Charging Party's supervisors, targeted him with sexually inappropriate comments and questions. This supervisor demanded to know if he had a penis; and the supervisor would ask "What is in your pants?" and "What are you going to do about your chest?"

d.  Coworkers and supervisors also referred to the Charging Party as "it."

e.  The Defendants failed to update company records to reflect the Charging Party's name (even after he had it legally changed), resulting in employees learning and using his deadname.[1]

f.  The Charging Party complained about this harassment to the Defendant's assistant general manager and store manager.

---

[1]  According to the Merriam-Webster dictionary, "deadname" means "the name that a transgender person was given at birth and no longer uses upon transitioning, " and "deadnaming" is "to speak of or address (someone) by their deadname." (https://www.merriam-webster.com/dictionary/deadnaming last accessed September 20, 2024.)

g.  Despite an alleged subsequent investigation conducted by Defendants, the harassment continued.

Aggrieved Individual No. 1

h.  Aggrieved Individual No. 1 started working for the Defendants in February 2021.

i.  Throughout his employment, Aggrieved Individual No. 1 was constantly subjected to sex-based harassment consisting of misgendering, physical harassment, denial of access to the men's bathroom, and graphic sexual comments.

j.  One coworker asked Aggrieved Individual No. 1 "How do you have sex with your girlfriend;" and other coworkers stated he was "fucking gross" and "if you're a woman, you're a woman."

k.  Coworkers and supervisors also gossiped that the Charging Party and Aggrieved Individual No. 1 were sexual partners. On one occasion a supervisor even kissed Aggrieved Individual No. 1 in the presence of others and said: "Now they can say we are dating."

l.  Aggrieved Individual No. 1 complained about this harassment to Defendant's assistant general manager and the store manager.

m.  Despite an alleged investigation, the harassment continued.

Aggrieved Individual No. 2

n.  Aggrieved Individual No. 2 began working for the Defendants in February 2021.

o.  Throughout her employment, Aggrieved Individual No. 2 was constantly subjected to sex-based harassment consisting of misgendering, and graphic sexual comments.

p.  Both coworkers and supervisors repeatedly and intentionally misgendered Aggrieved Individual No. 2 and referred to her by her deadname.

q.  One co-worker told her "You're a man . . . no way you're a woman."

r.  When Aggrieved Individual No. 2 complained to her manager, she was told to ignore the other employees.

s.  Aggrieved Individual No. 2 also witnessed other employees trying to touch the Charging Party inappropriately.

t.  Aggrieved Individual No. 2 got to the point where she was scared to go to work.

u.  When Aggrieved Individual No. 2 attempted to use the women's bathroom, she saw a handwritten sign taped at the door that read, "females only." Because of this sign, Aggrieved Individual No. 2 did not use restroom facilities at the restaurant.

v.  When Aggrieved Individual No. 2 spoke with her manager about using the women's bathroom, she was told by her manager that she may not use the women's bathroom because she is biologically male.

13.    From approximately January 2021, the Defendants have engaged in unlawful employment practices, in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1) at their Carbondale, Illinois, location when it subjected the Charging Party and the Aggrieved Individuals to disparate terms and conditions of employment. These unlawful practices include, but are not limited to, the following:

Charging Party

a.  The Charging Party's supervisors told him that he could not use the men's bathroom because he did not have a penis.

Aggrieved Individual No. 1

6

    b.   Aggrieved Individual No. 1 felt forced to use the women's bathroom at Defendants' workplace because he heard his supervisor's instructions to the Charging Party, another transgender man, to stay out of the men's bathroom. But for the supervisor's refusal to allow the Charging Party to use the men's bathroom, Aggrieved Individual No. 1 would have used the men's bathroom.

Aggrieved Individual No. 2

    c.   Aggrieved Individual No. 2 was told by a manager not to use the women's restroom because she is biologically male.

14.    In or around March 2021, the Defendants engaged in unlawful employment practices, in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1) at their Carbondale, Illinois, location, when they constructively discharged Aggrieved Individual No. 2 by making the workplace intolerable for her through the harassment described in Paragraphs 11 and 12, above.

15.    Since at least March 2021, the Defendants have engaged in unlawful employment practices at their location in Carbondale, Illinois, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when they retaliated against Charging Party and Aggrieved Individual No. 1. In particular:

Charging Party

    a.   Defendants engaged in sex discrimination, by retaliating against the Charging Party following his complaint of harassment and discrimination in terms and conditions of employment regarding access to the men's bathroom. For example, Charging Party's supervisor began sending him home prior to the end of his shifts

after seeking out other employees who were not scheduled to work to come in and
perform Charging Party's duties.

Aggrieved Individual No. 1

b.  Defendants engaged in sex discrimination, by retaliating against Aggrieved
Individual No. 1 following his complaint of harassment.  For example, the
supervisor of Aggrieved Individual No. 1 began sending him home prior to the
end of his shifts after seeking out other employees who were not scheduled to
work to come in and take over the job duties of Aggrieved Individual No. 1.

16.    The effect of the practices complained of above has been to deprive the Charging
Party and the Aggrieved Individuals of equal employment opportunities and otherwise adversely
affect their status as employees, because of their sex and transgender status under Title VII.

17.    Since at least February 2021, Defendants engaged in unlawful employment
practices at their Carbondale, Illinois restaurant, in violation of Section 703(a)(1) of Title VII, 42
U.S.C. § 2000e-2(a)(1), affecting Aggrieved Individual No. 2. In particular Defendants
constructively discharged Aggrieved Individual No. 2 by subjecting her to harassment because of
her sex (gender identity), as set forth in Paragraph 12 above and by discriminating against her in
terms and conditions of employment by denying her access to the women's bathroom.

18.    Since at least January 2021, the Defendants have failed, in violation of Section
709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the
determination of whether unlawful employment practices have been or are being committed.  In
particular, the Defendants failed to preserve records related to their investigation into the

Charging Party and the Aggrieved Individuals' complaints of sex discrimination as well as personnel records.

19.    The unlawful employment practices complained of above were intentional.

20.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Party and the Aggrieved Individuals.

## **PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendants, their officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from maintaining a sexually hostile work environment.

B.    Grant a permanent injunction enjoining the Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against employees who oppose practices made unlawful by Title VII.

C.    Order the Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for transgender persons under Title VII, and which eradicate the effects of their past and present unlawful employment practices.

D.    Order Defendants to make the Charging Party and the Aggrieved Individuals whole by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the

effects of their unlawful employment practices, including, but not limited to, providing future employment opportunities for the Charging Party and the Aggrieved Individuals and/or front-pay.

E.      Order the Defendants to make the Charging Party and the Aggrieved Individuals whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.      Order the Defendants to make the Charging Party and the Aggrieved Individuals whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, all in amounts to be determined at trial.

G.      Order the Defendants to pay the Charging Party and the Aggrieved Individuals punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

H.      Order Defendants to make and keep records which fully comply with Section 709(c) of Title VII and 29 C.F.R. Section 1602.14.

I.      Grant such further relief as the Court deems necessary and proper in the public interest.

J.      Award EEOC its costs of this action.

## **JURY TRIAL DEMAND**

EEOC requests a jury trial on all questions of fact raised by its complaint.

+

Karla Gilbride
General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E., 5th Floor
Washington, D.C. 20507

Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: gregory.gochanour@eeoc.gov

Ethan M.M. Cohen
Assistant Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: ethan.cohen@eeoc.gov

s/ Miles Shultz
Miles Shultz
Trial Attorney
EEOC Chicago District Office
230 S. Dearborn Street, Ste 2920
Chicago, IL 60604
(312) 872-9718
Email: miles.shultz@eeoc.gov

s/ Carrie Vance
Carrie Vance
Trial Attorney
EEOC Milwaukee Area Office
310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(414) 662-3686
Email: carrie.vance@eeoc.gov