IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>　　Plaintiff,<br><br>v.<br><br>**STARBOARD WITH CHEESE, LLC,**<br><br>　　Defendant,<br><br>―――――――――――――――<br><br>**CHARGING PARTY AND AGGRIEVED INDIVIDUALS, JASPER FUTCH, and JOHN DOE,**<br><br>　　Proposed Intervenor Plaintiffs. | Case No. 3:24-CV-02260-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　On February 14, 2025, the Equal Employment Opportunity Commission ("EEOC") filed a Motion to Dismiss its own complaint arguing that continued litigation of the claims in this action may be inconsistent with an executive order of the President and the subsequent guidance provided by the Office of Personnel Management ("OPM").[1] (Doc. 12). In its motion, the EEOC seeks dismissal of its claims under Federal Rule of Civil Procedure 41(a)(2). (*Id.*). The Court held a hearing on the EEOC's motion on March 10, 2025, and ordered the EEOC to alert the Charging Party and the two Aggrieved

---

[1] In January 2025, after a change in the executive administration, President Trump issued Executive Order 14168 entitled "Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." Exec. Order No. 14168, 90 Fed. Reg. 8615 (Jan. 20, 2025).

Individuals referenced in the complaint of the hearing. (Docs. 13, 15). The Charging Party, Jasper Futch, attended the hearing along with newly retained counsel. (Doc. 26). Futch's attorney indicated that she had also been in contact with Aggrieved Individual Number 1, John Doe,[2] regarding representation. (*Id.*). Doe also attended the motion hearing. (*Id.*). At that time, counsel had not spoken to Aggrieved Individual Number 2, nor did such individual attend the hearing. (*Id.*).

After the hearing, Jasper Futch and John Doe ("Intervenor Plaintiffs") responded in opposition to the EEOC's Motion to Dismiss. (Doc. 21). In addition, the Intervenor Plaintiffs filed a Motion to Intervene (Doc. 22) and a proposed complaint (Doc. 23). Defendant Starboard with Cheese, LLC ("Starboard") has not yet answered or appeared in this action. Before taking up these specific motions, the Court certifies that, despite Executive Order 14168, discrimination against an individual in employment because of their sex or transgender status is unlawful. *See Bostock v. Clayton Cnty., Ga.*, 590 U.S. 644, 683 (2020) ("An employer who fires an individual merely for being gay or transgender defies the law."). That is not up for debate and certainly does not change because of the EEOC's change of heart regarding this action.

Notably, Intervenor Plaintiffs filed a response in opposition to the EEOC's Motion to Dismiss arguing that its actions in seeking to dismiss its complaint are extraordinary and politically motivated. (Doc. 21). Intervenor Plaintiffs also assert that the EEOC is violating the law Congress charged it with enforcing. (*Id.*). In their response, Intervenor

---

[2] This individual separately moved to proceed under a pseudonym. (Doc. 24). The Court will address that motion in a separate order. Until the Court rules on the motion and for purposes of this Order, Aggrieved Individual Number 1 will be referred to as John Doe.

Plaintiffs contend that the Court should consider the standard factors justifying denial of a plaintiff's motion to voluntarily dismiss, but instead of applying the factors regarding a defendant, Intervenor Plaintiffs urge the Court to apply the factors to them.

District courts can consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant," in considering a motion to voluntarily dismiss an action. *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). While these factors are typically considered as to a defendant, Intervenor Plaintiffs aver that dismissal would prejudice them and Aggrieved Individual Number 2 and ask the Court to deny the EEOC's request to voluntarily dismiss its complaint. (Doc. 21). In addition, Intervenor Plaintiffs claim that the EEOC's speculative and broad reading of the OPM guidance is not good cause for dismissal, and no terms would make dismissal proper. (*Id.*).

The Court acknowledges that the EEOC's presence in this suit benefits Intervenor Plaintiffs, especially considering Starboard's bankruptcy status, the cost of personal litigation, the potential for arbitration, or having to defend against statute of limitations or exhaustion arguments. But the EEOC, like any other plaintiff, has the right to seek a voluntary dismissal of its action, and this Court cannot decide what cases the EEOC pursues—those determinations fall within the purview of the Executive Branch. The Court has not identified any precedent that charging parties or aggrieved individuals can hold the EEOC to continue pursuing an action it wishes to abandon—neither have the

Intervenor Plaintiffs. *See Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971) (Rule 41(a)(2) is intended "to prevent voluntary dismissals which unfairly affect the *opposing* party." (emphasis added)). And aggrieved persons may intervene in the EEOC's enforcement action. *See* 42 U.S.C. § 2000e-5(f)(1); *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 326 (1980).

This case is still in its infancy—Starboard has not yet filed an answer, no scheduling conference has been held, and no summary judgment motion has been filed. Moreover, the Intervenor Plaintiffs have an opportunity to intervene in the action and have filed a motion to that effect. And while they will not enjoy all the benefits of having the EEOC litigate this action, they still have an opportunity to vindicate their own interests and seek redress for the alleged discrimination they suffered. Even if the Court chose to weigh the factors enumerated above, they do not weigh in favor of denying the EEOC's motion to dismiss.

As for their Motion to Intervene,[3] Intervenor Plaintiffs invoke their unconditional rights under Title VII, as aggrieved persons, to intervene in suits filed by the EEOC. *See* 42 U.S.C. § 2000e-5(f). Generally, Federal Rule of Civil Procedure 24 governs intervention and provides that "[o]n timely motion, the court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute." FED. R. CIV. P. 24(a)(1). Rule 24 also directs courts to permit intervention when a movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated

---

[3] Accompanying their Motion to Intervene, Intervenor Plaintiffs filed a proposed complaint pursuant to Federal Rule of Civil Procedure 24(c). (Doc. 23).

that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2).

As aggrieved parties, Intervenor Plaintiffs have the right to intervene in the EEOC's enforcement action. Furthermore, without the EEOC continuing to pursue litigation, Intervenor Plaintiffs' ability to protect their interests will certainly be impaired or impeded unless they intervene. Under Rule 24 and Title VII, the Court must permit Intervenor Plaintiffs, Futch and Doe, to intervene in this action.

For these reasons, the Court **GRANTS** the Motion to Intervene (Doc. 22) by the Intervenor Plaintiffs. Due to the intervention, the EEOC's Motion to Dismiss (Doc. 12) is **DENIED as moot**. The Intervenor Plaintiffs shall file an Amended Complaint on or before **August 11, 2025**, and shall serve such complaint on Defendant Starboard with Cheese, LLC. If the EEOC does not join in the amended complaint, the Clerk's Office is **DIRECTED** to terminate it as a plaintiff in this action.

**IT IS SO ORDERED.**

DATED:   August 4, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**