IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| **Jasper Futch** *Intervenor-Plaintiff* and **John Doe** *Intervenor-Plaintiff* v. **Starboard with Cheese, LLC., et al.,** *Defendants,* | Case No. 3:24-cv-02260-NJR Judge Nancy J. Rosenstengel |

**AMENDED COMPLAINT**

**NOW COME** JASPER FUTCH and JOHN DOE ("FUTCH" and "DOE"), by and through their undersigned counsel, and complain of Defendants STARBOARD WITH CHEESE, LLC and STARBOARD GROUP EMPLOYMENT SERVICES, INC., as follows.

1. This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-201 et seq, to correct and redress unlawful employment practices on the basis of sex, gender identity and retaliation and to provide appropriate relief to FUTCH and DOE. As alleged with greater particularity below, Defendants, Starboard with Cheese, LLC and Starboard Group Employment Services, Inc., discriminated against FUTCH and DOE by subjecting them to workplace harassment on the basis of sex (gender identity),

discriminating against them in terms and conditions of employment because of sex (gender identity), constructively discharging and retaliating against FUTCH and DOE, in violation of Title VII. Defendants also failed to maintain personnel and employment records in accordance with the EEOC's recordkeeping regulations, found at 29 C.F.R. § 1602.14, in violation of Title VII.

## JURISDICTION AND VENUE

2.Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343 and 1345. This action is authorized and instituted pursuant to Section 703(a)(1), 706(f)(1) and (3), and Section 709(c) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), 5(f)(1) and (3), and 8(c) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a). This Court also jurisdiction over the IHRA claims pursuant to 775 ILCS § 5/7A-102.

3.The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Illinois, Benton Division.

## PARTIES

4.The Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.At all relevant times, the Defendants have continuously been doing business in the State of Illinois through their operation of a Wendy's restaurant in Carbondale, Illinois, and have continuously had at least fifteen (15) employees.

6. At all relevant times, the Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

7. FUTCH worked as an hourly-paid employee for the "Wendy's" restaurant Defendants owned and operated in Carbondale, Illinois from about January 21, 2021 through April 19, 2021. FUTCH's gender identity (male) is different than the sex he was designated at birth (female).

8. DOE worked as an hourly-paid employee for the "Wendy's" restaurant Defendants owned and operated in Carbondale, Illinois from about February 2021 through about June or July 2021. DOE's gender identity (male) is different than the sex he was designated at birth (female).

9. More than thirty days prior to the institution of this lawsuit, FUTCH filed a charge of discrimination with EEOC alleging violations of Title VII and the IHRA by the Defendants against himself a group other persons that includes JOHN DOE.

10. On June 24, 2024, EEOC issued to the Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting them to join with EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. EEOC engaged in communications with the Defendants to provide them the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. On August 5, 2024, EEOC issued to the Defendants a Notice of Failure of Conciliation advising them that EEOC was unable to secure from them a conciliation agreement acceptable to EEOC.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. FUTCH and DOE are transgender. That is, their gender identity is different from the sex they were designated at birth. In particular:

FUTCH

a. FUTCH's gender identity (male) is different than the sex he was designated at birth (female).

DOE

b. DOE's gender identity (male) is different than the sex he was designated at birth (female).

15. From approximately January 2021, the Defendants have engaged in unlawful employment practices, in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1) and the IHRA, 735 ILCS 5/2-101 at their Carbondale, Illinois, location when they subjected the Charging Party and the Aggrieved Individuals to a hostile work environment. These unlawful practices include, but are not limited to, the following:

FUTCH

a. FUTCH began working for the Defendants in January 2021.

b. Throughout his employment FUTCH was subjected to sex-based harassment on a near daily basis, including constant misgendering, graphic sexual comments, invasive questions, denial of access to the men's bathroom, and other verbal harassment based on gender identity.

c. One of FUTCH's supervisors, targeted him with sexually inappropriate comments and questions. This supervisor demanded to know if he had a penis; and the supervisor would ask "What is in your pants?" and "What are you going to do about your chest?"

d. Coworkers and supervisors also referred to FUTCH as "it."

e. The Defendants failed to update company records to reflect FUTCH's name (even after he had it legally changed), resulting in employees learning and using his deadname.[2]

f. FUTCH complained about this harassment to the Defendants' assistant general manager and store manager.

g. Despite an alleged subsequent investigation conducted by Defendants, the harassment continued.

DOE

a. DOE started working for the Defendants in about February 2021.

b. Throughout his employment, DOE was constantly subjected to sex-based harassment consisting of misgendering, physical harassment, denial of access to the men's bathroom, and graphic sexual comments.

c. One coworker asked DOE "How do you have sex with your girlfriend;" and other coworkers stated he was "fucking gross" and "if you're a woman, you're a woman."

d. Coworkers and supervisors also gossiped that FUTCH and DOE were sexual partners. On one occasion a supervisor even kissed DOE in the presence of others and said: "Now they can say we are dating."

e. DOE complained about this harassment to Defendants' assistant general manager and the store manager.

f. Despite an alleged investigation, the harassment continued.

Aggrieved Individual No. 2[3]

---

[2] According to the Merriam-Webster dictionary, "deadname" means "the name that a transgender person was given at birth and no longer uses upon transitioning," and "deadnaming" is "to speak of or address (someone) by their deadname." (https://www.merriam-webster.com/dictionary/deadnaming last accessed September 20, 2024.)

[3] Aggrieved Individual No. 2 is not a party to this Complaint. The allegations relevant to Aggrieved Individual No. 2 are included as support and corroboration for FUTCH AND DOE'S claims.

    a. Aggrieved Individual No. 2 began working for the Defendants in February 2021.

    b. Throughout her employment, Aggrieved Individual No. 2 was constantly subjected to sex-based harassment consisting of misgendering, and graphic sexual comments.

    c. Both coworkers and supervisors repeatedly and intentionally misgendered Aggrieved Individual No. 2 and referred to her by her deadname.

    d. One co-worker told her "You're a man . . . no way you're a woman."

    e. When Aggrieved Individual No. 2 complained to her manager, she was told to ignore the other employees.

    f. Aggrieved Individual No. 2 also witnessed other employees trying to touch the Charging Party inappropriately.

    g. Aggrieved Individual No. 2 got to the point where she was scared to go to work.

    h. When Aggrieved Individual No. 2 attempted to use the women's bathroom, she saw a handwritten sign taped at the door that read, "females only." Because of this sign, Aggrieved Individual No. 2 did not use restroom facilities at the restaurant.

    i. When Aggrieved Individual No. 2 spoke with her manager about using the women's bathroom, she was told by her manager that she may not use the women's bathroom because she is biologically male.

16. From approximately January 2021, the Defendants have engaged in unlawful employment practices, in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1) and in violation of the IHRA, 775 ILCS 5/2-101 at its Carbondale, Illinois, location when they subjected the Charging Party and the Aggrieved Individuals to disparate terms and conditions of employment. These unlawful practices include, but are not limited to, the following:

FUTCH

a. FUTCH's supervisors told him that he could not use the men's bathroom because he did not have a penis.

DOE

b. DOE felt forced to use the women's bathroom at Defendants' workplace because he heard his supervisor's instructions to FUTCH, another transgender man, to stay out of the men's bathroom. But for the supervisor's refusal to allow FUTCH to use the men's bathroom, DOE would have used the men's bathroom.

Aggrieved Individual No. 2

c. Aggrieved Individual No. 2 was told by a manager not to use the women's restroom because she is biologically male.

17. The Defendants engaged in unlawful employment practices, in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1) and the IHRA, 735 ILCS 5/2-101 at their Carbondale, Illinois, location, when they constructively discharged Jasper, Doe and Aggrieved Individual No. 2 by making the workplace intolerable for them through the harassment described above.

18. Since at least March 2021, the Defendants engaged in unlawful employment practices at their location in Carbondale, Illinois, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) and 775 ILCS 5/5A-103 when they retaliated against FUTCH and DOE. In particular:

FUTCH

a. Defendants engaged in sex discrimination, by retaliating against FUTCH following his complaint of harassment and discrimination in terms and conditions of employment regarding access to the men's bathroom. For example, FUTCH's supervisor began sending him home prior

to the end of his shifts after seeking out other employees who were not scheduled to work to come in and perform FUTCH's duties.

DOE

b. Defendants engaged in sex discrimination, by retaliating against DOE following his complaint of harassment. For example, the supervisor of DOE began sending him home prior to the end of his shifts after seeking out other employees who were not scheduled to work to come in and take over the job duties of DOE.

19. The effect of the practices complained of above has been to deprive FUTCH and DOE and Aggrieved Individual No. 2 of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex and transgender status under Title VII and the IHRA.

20. Futch complained about transphobia in the workplace to Michael Stevens who was the District Manager over Defendants' Wendy's in Carbondale, including by email dated March 1, 2021. Stevens had managerial authority over the employees at Wendys' Carbondale on behalf of both Defendants, including the ability to hire, fire and discipline. Defendants failed to take appropriate remedial action in response.

21. Since at least January 2021, the Defendants have failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. In particular, the Defendants failed to preserve records related to their investigation into FUTCH, DOE and the Aggrieved Individual's complaints of sex discrimination as well as personnel records.

22. The unlawful employment practices complained of above were intentional.

23. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of FUTCH, DOE and the Aggrieved Individual NO. 2, and to rights conferred by the State of Illinois as provided in the IHRA.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiffs-Intervenors respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendants, their officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from maintaining a sexually hostile work environment.

B. Grant a permanent injunction enjoining the Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order the Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for transgender persons under Title VII, and which eradicate the effects of their past and present unlawful employment practices.

D. Order Defendants to make FUTCH and DOE whole by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to, providing future employment opportunities for FUTCH and DOE and/or front-pay.

E. Order the Defendants to make FUTCH and DOE whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order the Defendants to make FUTCH and DOE whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not

limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, all in amounts to be determined at trial.

G. Order the Defendants to pay FUTCH and DOE punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Order Defendants to make and keep records which fully comply with Section 709(c) of Title VII and 29 C.F.R. Section 1602.14.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award attorneys' fees and costs of this action.

**JURY TRIAL DEMAND**

Plaintiffs-Intervenors request a jury trial on all questions of fact raised by their complaint.

Dated: August 11, 2025                              Respectfully Submitted,

                                                    By: /s/ *M. Nieves Bolaños*
                                                    One of the Attorneys for the Plaintiffs

M. Nieves Bolaños
Patrick Cowlin
HAWKS QUINDEL S.C.
111 E. Wacker Dr. Suite 2300
Chicago, IL  60601
mnbolanos@hq-law.com
pcowlin@hq-law.com

Ellen Eardley
MEHRI & SKALET, PLLC
2000 K Street, NW, Suite 325
Washington, DC 20006
Telephone: (202) 822-5100
Fax: (202) 822-4997
Email: eeardley@findjustice.com